**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EMPIRE PIPE & SUPPLY
COMPANY, INC.,

　　Plaintiff,

vs.

FIVE DIAMOND DEVELOPMENT,
LLC; CIGAR CITY BUILDERS LLC;
TAYLOR MCCOOK, individually and
as personal guarantor of Five
Diamond Development LLC; ERIC F.
THOMAS, individually and as
personal guarantor of Five Diamond
Development LLC,

　　Defendants.

CASE NO. 8:26-cv-02023

## COMPLAINT

COMES NOW the Plaintiff, Empire Pipe & Supply Company, Inc. (hereinafter "Empire"), by and through the undersigned counsel, and hereby files this Complaint against the Defendants Five Diamond Development, LLC, Cigar City Builders LLC, Taylor McCook, and Eric F. Thomas.

## PARTIES

1.　　Plaintiff Empire Pipe & Supply Company, Inc. is an Alabama corporation with its principal place of business in Birmingham, Alabama.

2.　　Defendant Five Diamond Development, LLC, is a Florida limited liability corporation with its principal place of business in Tampa, Florida.　On

3680131.1

information and belief, none of the members of Five Diamond Development, LLC, are Alabama citizens/residents.

3.    Defendant Cigar City Builders LLC, is a Florida limited liability company with its principal place of business in Tampa, Florida.    On information and belief, none of the members of Cigar City Builders, LLC, are Alabama citizens/residents.

4.    Defendant Taylor McCook is an individual and a citizen/resident of Florida.  Defendant McCook is also an Authorized Member of Five Diamond Development LLC.

5.    Defendant Eric F. Thomas is an individual and a citizen/resident of Florida.  Defendant Thomas is also the registered agent for Five Diamond Development LLC and the Manager of Five Diamond Development LLC.

JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c)(2) because one or more defendants resides in this district and is subject to personal jurisdiction in this judicial district, because a substantial part of the events or omissions giving rise to the claim

3680131.1

occurred in this district, and because a substantial part of the property that is the subject of the action is situated in this judicial district.

FACTUAL ALLEGATIONS

8.     Empire adopts and incorporates paragraphs 1 through 7 as if fully set forth herein.

9.     Five Diamond Development LLC ordered from Empire approximately $146,586.47 worth of water, sewer, and drainage infrastructure materials to be used in a development project owned by Cigar City Builders, LLC.  That project is located in Hillsborough County, Florida, and is referred to herein as the "Port Columbus Project."

10.    Five Diamond Development LLC ordered from Empire an additional $130,256.11 worth of water, sewer, and drainage infrastructure materials to be used in an additional development project also owned by Cigar City Builders, LLC. That project is located in Polk County, Florida, and is referred to herein as the "Las Casas Project."

11.    The water, sewer, and drainage infrastructure ordered by Five Diamond Development LLC and supplied by Empire which is related to the Port Columbus Project and the Las Casas Project shall collectively be referred to herein as the "Material."

3

12.   Prior to purchasing the Material, Five Diamond Development LLC, executed a Credit Agreement with Empire.  That Credit Agreement provides, *inter alia*, that "[p]ayment is due thirty (30) days from date of [Empire's] invoice," that Five Diamond Development LLC, "will pay a late fee of one- and one-half percent (1.5%) per month on any outstanding balance owed," and further that Five Diamond Development LLC "agrees to pay all attorney's fees, all costs of court and any other expenses incurred by [Empire] in the collection of payment for Product sold to [Five Diamond Development, LLC]."

13.   As part of the Credit Agreement with Empire, Defendants Eric F. Thomas and Taylor McCook each executed a personal guaranty pursuant to which they agreed to guarantee payment of all Five Diamond Development LLC's contractual obligations to Empire.

14.   Empire fulfilled all its obligations under Five Diamond Development LLC's orders for the Material.

15.   Five Diamond Development LLC accepted and utilized the Material in the Port Columbus and Las Casas Projects.

16.   Prior to delivering the Material to the Port Columbus and Las Casas Projects, Empire notified Cigar City Builders, LLC that Empire was providing the Material for use in the Project.

4

3680131.1

17.    As owner of both the Las Casas Project and Port Columbus Project, Cigar City Builders, LLC accepted the Material and utilized it in the Projects.

18.    On June 10, 2026, Empire recorded a Verified Claim of Lien in Hillsborough County, Florida, relating to Materials supplied for the Port Columbus Project for which Empire has not been paid.  A true and correct copy of this Verified Claim of Lien is attached hereto as **Exhibit A**.

19.    Also on June 10, 2026, Empire recorded a Verified Claim of Lien in Polk County, Florida, relating to Materials is supplied for the Las Casas Project for which Empire has not been paid.  A true and correct copy of this Verified Claim of Lien is attached hereto as **Exhibit B**.

20.    On or about June 16, 2026, Empire provided Cigar City Builders, LLC, with notice and a copy of the recorded Verified Claims of Lien for the Las Casas Project and the Port Columbus Project.

21.    As of the date of filing this Complaint, all Defendants have failed to pay Empire the full amount owed.  The principal amount owed by Defendants to Empire related to both the Las Casas Project and Port Columbus Project is $169,541.52.  This principal figure does not include interest, service charges, or attorneys' fees.

5

3680131.1

## COUNT ONE
## (BREACH OF CONTRACT against FIVE DIAMOND DEVELOPMENT LLC)

22. Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

23. Empire contractually agreed with Five Diamond Development LLC to provide water, sewer, and drainage materials and supplies related to construction services, and Five Diamond Development LLC agreed to pay Empire for the same.

24. Empire fully performed its obligations under the contracts; however, Five Diamond Development LLC breached the contracts because Empire demanded, and Five Diamond Development LLC failed to make, payment of the outstanding principal balance of $169,541.52 that is owed to Empire.

WHEREFORE, Empire demands damages from Five Diamond Development LLC in the amount of $169,541.52, plus interest, attorneys' fees, and costs, plus any other relief to which Empire may be entitled.

## COUNT TWO
## (ACCOUNT STATED against FIVE DIAMOND DEVELOPMENT LLC)

25. Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

6

3680131.1

26. Empire provided Five Diamond Development LLC with a statement of the account between the parties, said statement totaling a principal balance of $169,541.52 that is due on the contract. Interest, costs, and fees continue to accrue.

27. There was a meeting of the minds as to the correctness of the account statement, and Five Diamond Development LLC did not timely object to the amounts due on the account.

WHEREFORE, Empire demands damages from Five Diamond Development LLC in the amount of $169,541.52, plus interest, attorneys' fees, and costs incurred in the collection of this outstanding debt, plus any other relief to which Empire may be entitled.

## COUNT THREE
**(OPEN ACCOUNT against FIVE DIAMOND DEVELOPMENT LLC)**

28. Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

29. Five Diamond Development LLC owes Empire a principal balance of $169,541.52 that is due on an open account, plus interest, costs, and fees which continue to accrue.

WHEREFORE, Empire demands damages from Five Diamond Development LLC in the amount of $169,541.52, plus interest, attorneys' fees, and costs, plus any other relief to which Empire may be entitled.

7

3680131.1

## COUNT FOUR
### (WORK AND LABOR DONE against FIVE DIAMOND DEVELOPMENT LLC, and CIGAR CITY BUILDERS, LLC)

30.    Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

31.    Five Diamond Development LLC owes Empire $169,541.52 for work and labor done by Empire for Five Diamond Development LLC at its request.

32.    Cigar City Builders, LLC also owes Empire $169,541.52 for work and labor done by Empire for which Empire gave Cigar City Builders, LLC notice prior performing said work and labor.

WHEREFORE, Empire demands damages from Five Diamond Development LLC and Cigar City Builders, LLC in the amount of $169,541.52, plus interest, attorneys' fees, and costs, plus any other relief to which Empire may be entitled.

## COUNT FIVE
### (UNJUST ENRICHMENT against FIVE DIAMOND DEVELOPMENT LLC, and CIGAR CITY BUILDERS, LLC)

33.    Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

34.    Due to Five Diamond Development LLC's failure to pay Empire, Five Diamond Development LLC has been unjustly enriched.

8

3680131.1

35.    Due to Cigar City Builders, LLC's acceptance and use of the Material, and its failure to pay for the same, Cigar City Builders, LLC has also been unjustly enriched.

36.    Five Diamond Development LLC and Cigar City Builders, LLC are in possession of money or proceeds that in equity and good conscience belong to Empire.

37.    It would be unequitable for Five Diamond Development LLC and Cigar City Builders, LLC, to retain the benefit of Material supplied by Empire without paying the reasonable value thereof.

WHEREFORE, Empire demands judgment against Five Diamond Development LLC and Cigar City Builders, LLC in the amount of the reasonable value of the Material supplied, in an amount to be proven at trial but not less than $169,541.52, plus interest, attorneys' fees, and costs, plus any other relief to which Empire may be entitled.

## COUNT SIX
### (CLAIM ON LIENS against CIGAR CITY BUILDERS, LLC)

38.    Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

39.    At all times material hereto, Empire was a "lienor" as defined by Fla. Stat. § 713.01, and was duly licensed and authorized to furnish materials in the State of Florida.

3680131.1

40.    Empire furnished materials that were used in the improvement of real property owned by Defendant Cigar City Builders, LLC, which properties are more particularly described in the recorded Claims of Lien attached hereto as **Exhibit A** and **Exhibit B**.  Empire adopts and incorporates herein the legal descriptions, addresses, and parcel ID numbers in **Exhibit A** and **Exhibit B**.

41.    The materials furnished by Empire were incorporated into the improvement of the above-described real property and were furnished in accordance with and pursuant to a contract with Defendant Five Diamond Development LLC.

42.    Empire timely served a Notice to Owner upon Cigar City Builders, LLC, as required by Fla. Stat. § 713.06, within forty-five (45) days of the first furnishing of materials.  Specifically, Empire timely served a Notice to Owner on the Las Casas project on or about June 13, 2025, and Empire timely served a Notice to Owner on the Port Columbus project on or about March 23, 2026.

43.    With respect to the Las Casas project, Empire first furnished materials to the subject property on or about May 22, 2025, and last furnished materials on or about March 23, 2026.

44.    With respect to the Port Columbus project, Empire first furnished materials to the subject property on or about March 12, 2026, and last furnished materials on or about April 21, 2026.

10

45. The total value of materials furnished by Empire to the improvement of the Las Casas project is $130,256.11, of which $22,955.05 remains due and owing despite demand for payment.

46. The total value of materials furnished by Empire to the improvement of the Port Columbus project is $146,586.27, of which $146,586.27 remains due and owing despite demand for payment.

47. On or about June 10, 2026, and within ninety (90) days after the final furnishing of materials, Empire recorded a Claim of Lien in the Official Records of Hillsborough County, Florida, at Instrument # 2026222141 (the "Port Columbus Claim of Lien" attached as **Exhibit A**), in compliance with Fla. Stat. § 713.08.

48. On or about June 11, 2026, and within ninety (90) days after the final furnishing of materials, Empire recorded a Claim of Lien in the Official Records of Polk County, Florida, at Official Records Book 14035, Page 0313 (the "Las Casas Claim of Lien" attached as **Exhibit B**), in compliance with Fla. Stat. § 713.08.

49. Empire served a copy of both the Port Columbus Claim of Lien and the Las Casas Claim of Lien on Defendant Cigar City Builders, LLC, in accordance with Fla. Stat. § 713.08(4).

11

3680131.1

50.    This action to enforce the Claim of Lien has been commenced within one (1) year of the recording of the Claims of Lien, as required by Fla. Stat. § 713.22.

51.    The Claims of Lien are valid, enforceable, and superior to any right, title, or interest of the Defendants in and to the subject property acquired after the commencement of the improvement, or, alternatively, from the date of the recording of a Notices of Commencement, if applicable.

52.    All conditions precedent to the institution of this action and to the enforcement of Empire's liens have been performed, have occurred, or have been waived.

53.    Empire has retained the undersigned counsel to prosecute this action and is entitled to recover reasonable attorneys' fees and costs pursuant to Fla. Stat. §§ 713.29 and 713.22.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

   a. A determination that Empire holds valid materialman's liens against the property constituting the Port Columbus project in the amount of $146,586.27, plus interest, attorneys' fees, and costs;

12

3680131.1

b. A determination that Empire holds valid materialman's liens against the property constituting the Las Casas project in the amount of $22,955.05, plus interest, attorneys' fees, and costs;

c. Foreclosure of Empire's liens and sale of the subject properties in the manner provided by law, with the proceeds applied to the satisfaction of the amounts owed to Empire;

d. A deficiency judgment against Defendant Cigar City Builders, LLC, in the event the proceeds of the foreclosure sales are insufficient to satisfy the amounts owed;

e. An award of reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. §§ 713.29 and 713.22;

f. Pre-judgment and post-judgment interest as provided by law; and

g. Such other and further relief as the Court deems just and proper.

## COUNT SEVEN
### (BREACH OF CONTRACT/PERSONAL GUARANTY against TAYLOR MCCOOK and ERIC F. THOMAS)

54. Empire adopts and incorporates each of the preceding allegations as if fully set out herein.

55. Defendants Taylor McCook and Eric F. Thomas executed a Personal Guaranty in conjunction with the Credit Application submitted to Empire by Five Diamond Development LLC. Pursuant to that Personal

13

Guaranty, Defendants McCook and Thomas are each personally liable for amounts owed to Empire by Five Diamond Development LLC. A true and correct copy of the Personal Guaranty, which is part of the Credit Application submitted to Empire by Five Diamond Development LLC, is attached as **Exhibit C**.

56.   Defendants McCook and Thomas breached their obligations under the Personal Guaranty by failing to pay Empire for the Material.

57.   Empire has been damaged by Defendants McCook and Thomas' breach.

WHEREFORE, Empire demands damages from Taylor McCook and Eric F. Thomas in the amount of $169,541.52, plus interest, attorney's fees and costs, plus any other relief to which Empire may be entitled.

## AD DAMNUM

Based on the allegations set forth above, Empire avers that Defendants are liable for damages, interest, attorneys' fees, costs, and expenses.

WHEREFORE, Empire demands judgment for damages in an amount to be determined by a jury, as well as interest, attorneys' fees, costs, and expenses, and such other relief as the Court and/or jury deem just.

14

3680131.1

## JURY DEMAND

## EMPIRE DEMANDS TRIAL BY JURY ON ALL OF THE ISSUES TRIABLE BY A JURY IN THE COMPLAINT

/s/ Scott D. Stevens
Scott D. Stevens
Fl. Bar No. 57470
STARNES DAVIS FLORIE LLP
11 North Water Street, Suite 20290
Mobile, AL 36602
Phone: 251-433-6049
sds@starneslaw.com

*Lead Counsel for Empire Pipe & Supply Company, Inc.*

15

3680131.1

Defendants to be served as follows:

Eric F. Thomas, Registered Agent for Five Diamond Development LLC
4916 W. Melrose Ave. N.
Tampa, FL 33629

API Processing – Licensing, Inc., Registered Agent for Cigar City Builders, LLC
3419 Galt Ocean Drive
Suite A
Ft. Lauderdale, FL 33308

Taylor McCook
4916 W. Melrose Ave. N.
Tampa, FL 33629

Eric F. Thomas
2012 NW 2nd Ave.
Delray Beach, FL 33444

16

3680131.1